# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Earl William Reidell, Jr | Chapter:13 |
| Brenda Ann Reidell | Case number:1:18-bk-00743 |
| Debtor(s) | Matter: POST-CONFIRMATION AMENDED PLAN |

## Notice

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection or other matter without further notice or hearing unless a party in interest files an objection/response within twenty-one (21) days of the date of the notice. If you object to the relief requested, you must file your objection/response with the Clerk, United States Bankruptcy Court Ronald Reagan Federal Building 228 Walnut Street, Room 320 Harrisburg, PA 17101 and serve a copy on the movant and movant's attorney, if one is designated.

If you file and serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

Date: November 3, 2022

        Kara K. Gendron, Esquire
        Attorney ID #87577
        MOTT & GENDRON LAW
        125 State Street
        Harrisburg, PA 17101
        http://www.mottgendronlaw.com
        T: (717) 232-6650 | F: (717) 232-0477
        karagendron@gmail.com

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| EARL WILLIAM REIDELL, JR | : | |
| BRENDA ANN REIDELL | : | CASE NO. 1:18-bk-00743 |
|     Debtors | : | |
| | : | ☐ ORIGINAL PLAN |
| | : | |
| | : | ☑ 5th AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☐ 0 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

     1. To date, the Debtor paid $40,181.54 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $50,821.54, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 3/2018 | 10/2022 | $ | $ | | $40,181.54 |
| 11/2022 | 2/2025 | $380.00 x 28 months | $ | | $10,640.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $50,821.54 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.
     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.
     4. CHECK ONE: ☐ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.
          ☒ Debtor is over median income. Debtor calculates that a minimum of $23,117.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. **Additional Plan Funding From Liquidation of Assets/Other**

     1. The Debtor estimates that the liquidation value of this estate is $. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☒   No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

**2. SECURED CLAIMS**
   A. **Pre-Confirmation Distributions**. *Check one*.

☒   None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

**B**. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| DAUPHIN COUNTY TAX CLAIM | 531 Chestnut Street, Millersburg, PA 17061 | |

**C**. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| DAUPHIN COUNTY TAX CLAIM | 531 Chestnut Street, Millersburg, PA 17061 | $ 475.26 | | $ 475.26 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If

an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **DITECH FINANCIAL LLC** | **531 Chestnut Street, Millersburg, PA 17061** | $33223.18 | Lesser of 2.25% or contract rate | $35,157.00 Payment of allowed secured claim through Plan |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one*.

☑ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral**. *Check one.*

☑ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*

☑ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**

  **A. Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. Attorney's fees. Complete only one of the following options:
     a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $5,000.00 plus $500 for the 5th amended plan in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
     b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☑ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)**. *Check one of the following two lines.*

☐ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.
☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **IRS CENTRALIZED INSOLVENCY ORGANIZATION** | **$5143.76** |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
  **A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*

☐ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

☒ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| **allowed unsecured claims** | | $100% | | Per allowed proof of claim |

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE**.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:      Adequate protection payments.
Level 2:      Debtor's attorney's fees.
Level 3:      Domestic Support Obligations.
Level 4:      Secured claims, pro rata.
Level 5:      Priority claims, pro rata.
Level 6:      Specially classified unsecured claims.
Level 7:      General unsecured claims.
Level 8:      Untimely filed unsecured claims to which the debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

   (1)  Claim amounts:  The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
   (2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.
   (3)  Lien Releases.
      (a) Personal Property:  Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand  execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
      (b)  Real Property:  Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
   (4)  Notwithstanding the confirmation of this plan, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with §502(b) and to challenge the standing of any party to assert any such claim

                      /s/ Dorothy L. Mott, /s/ Kara K. Gendron
                      _____
                      Dorothy L. Mott, Kara K. Gendron
                      Attorneys for Debtor(s)

/s/  Earl William Reidell, Jr
Debtor


/s/   Brenda Ann Reidell
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9

LOCAL BANKRUPTCY FORM 3015-2(a)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
EARL WILLIAM REIDELL, JR :
: CASE NO. 1:18-bk-00743
BRENDA ANN REIDELL :
:
    Debtor(s) :

**CERTIFICATION REGARDING SERVICE OF AMENDED CHAPTER 13 PLAN**
(Altering Treatment of Claims)

The undersigned, counsel for the above-captioned Debtor(s), hereby certifies that the **Fifth** Amended Chapter 13 Plan filed on November 3, 2022 proposes to alter the treatment of the claims of the following creditors included in the confirmed Chapter 13 Plan:

**INTERNAL REVENUE SERVICE**

**ONEMAIN**

**Towd Point Master Funding Trust 2017-PM18**
**c/o Ditech Financial LLC**

**Verizon**
**by American InfoSource LP as agent**

I further certify that notice of the filing of the **Fifth** Amended Chapter 13 Plan has been served on the above listed creditors and the Chapter 13 trustee, as evidenced by the attached certificate of service, and that no other party, other than the creditors listed above, will be affected by the provisions of the **Fifth** Amended Chapter 13 Plan.

/s/ Kara K. Gendron, Esquire
Counsel for Debtor(s)
Dated: November 3, 2022

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| EARL WILLIAM REIDELL, JR | : | |
| | : | CASE NO. 1:18-bk-00743 |
| BRENDA ANN REIDELL | : | |
| | : | |
| Debtor(s) | : | |

CERTIFICATE OF SERVICE

The undersigned attorney in the office of:

MOTT & GENDRON LAW, 125 STATE STREET, HARRISBURG, PA 17101

hereby certifies that a copy of the attached documents were mailed today to all parties listed below either electronically of by regular first class mail:

JACK N. ZAHAROPOULOS
STANDING CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE, STE A
HUMMELSTOWN, PA 17036
TWecf@pamd13trustee.com

INTERNAL REVENUE SERVICE - CIO
PO BOX 7346
PHILADELPHIA, PA 19101-7346

ONEMAIN
PO BOX 3251
EVANSVILLE, IN. 47731-3251

Towd Point Master Funding Trust 2017-PM18
c/o Ditech Financial LLC
PO Box 6154
Rapid City SD 57709

Verizon
by American InfoSource LP as agent
PO Box 248838
Oklahoma City, OK 73124-8838

Dated: 11/03/2022

                                                    /s/ Kara K. Gendron

                                                    Kara K. Gendron, Esquire